### No. 9717.

### SAMUEL FLOWER, ADMINISTRATOR, ETC., VS. ELIZABETH JACKSON NOBLE, WIFE, ETC.

A decree of this Court reversing a judgment of the district court rejecting all evidence in support of a party's demand, on the ground that his petition set forth no cause of

action, has only the effect of deciding that if *all* the averments of said petition are proved, the party is entitled to some relief.

Where, after trial on the merits, certain important allegations are not proved, the case is in no manner affected by our former decree, but stands on its intrinsic merits

Where defendant in executory process enjoins the enforcement or negotiable mortgage notes held by a third person who acquired before maturity, on the grounds of payment and compensation between the maker and the original payee of the notes, alleging simulation and fraud in the title of the transferee, failure to establish such simulation and fraud destroys the foundation of the case.

It is an elementary principle of the law of negotiable instruments that such equities subsisting between the original parties cannot be set up against a *bona fide* transferee for value before maturity.

Where the notes were taken in payment of a debt, knowledge by the transferee of the actual insolvency of the transferor, even if proved, could give rise to no relief, except under a revocatory action, of which the petition in this case wants the essential features in the allegations, the prayer and in the parties made.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot, J.*

*Nicholls & Carroll* for Plaintiff and Appellant.

*Geo. L. Bright* and *F. Kernan* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The plaintiff, as holder of certain negotiable promissory notes executed by defendant and secured by special mortgage, instituted executory proceedings for the seizure and sale of the property subject to said mortgage.

The defendant applied for an injunction to restrain the seizure and sale of her property, in a petition and supplemental petition, the substantial allegations of which, so far as essential for our consideration, are as follows:

1st. That defendant was the holder of a policy of life insurance in "The Life Association of America," a corporation created under the laws of Missouri, and domiciled in said State, by the terms of which it agreed to pay to her the sum of $10,000 sixty days after the death of her husband, whose life was insured for her benefit, in consideration of payment to the company of a stipulated annual premium.

2d. That premiums had been paid to said company to the amount of $3539.50.

3d. That on November 10th, 1879, the said corporation was judicially declared insolvent by the decree of a competent court of Missouri, by the effect of which it became unable to comply with its own agreement under the policy, and became liable to defendant in the amount of the value of said policy at that date.

4th. That although its insolvency was judicially declared only on November 10, 1879, the corporation was actually insolvent for some time prior thereto, and specially on the 14th of October, 1879, when plaintiff acquired the notes, which insolvency was well known to said plaintiff.

5th. That on October 2, 1879, she bought the property herein involved from the Life Association of America, and gave the three mortgage notes sued on, which were payable in one, two and three years from said date.

6th. That at the time when said association became insolvent, it was the holder of said promissory notes, and that they thereby became extinguished by payment and compensation. .

7th. That after said insolvency and extinguishment of said notes, some person pretending to represent the association " illegally, fraudulently and without consideration" transferred said notes to the plaintiff herein.

8th. That plaintiff "is not and never was the owner of the notes sued on, and that his possession thereof is fraudulent and simulated."

9th. That John R. Fell, who made the pretended transfer to the plaintiff, had no authority to do so, and that it was done to defraud her, and was an illegal and fraudulent attempt to dispose of the assets of an insolvent corporation to the injury of its creditors, and especially of herself.

On these allegations she prayed for an injunction and for a decree that the said notes and mortgage be cancelled, annulled and surrendered to her.

The case was here once before on appeal from a judgment in favor of the plaintiff, based on a ruling of the district judge excluding all evidence in support of defendant's demand, on the ground substantially that her allegations, even if proved, would support no relief in her favor.

In a very guarded opinion, we reversed this judgment, saying in conclusion, " it may well be that plaintiff may fail in her proof, but it does seem that if she can establish satisfactorily *all* her averments, she should be entitled under the pleadings, as they exist, to some relief." Noble vs. Flower, 36 Ann. 737.

The case having been remanded after full hearing in the lower court, now returns to us in an appeal from the verdict of a jury and judgment based thereon in favor of defendant.

After a careful review of the evidence, we conclude that not only has defendant failed " to establish satisfactorily all her averments,"

but that the only ones which could give her the slightest standing in court are directly and positively negatived.

That evidence clearly establishes that plaintiff acquired the notes, which were negotiable, before maturity; that he acquired them from the company, which owned them, before any judicial declaration of insolvency or restraint of its power to dispose of its property ; that he received them in partial settlement of a loss arising under a policy of insurance of the life of Gen. John B. Hood, which had matured by his death ; that this was so perfect a consideration of the transfer of the notes that, but for that settlement, it would have been paid in full and in cash, even after the judicial insolvency, by the receiver of the corporation, as testified by the first receiver—defendant's own witness ; that the plaintiff, when he received the notes, had no knowledge of the actual insolvency of the company, even if such knowledge could affect him in such an action as the present; that, far from being a party to defraud Mrs. Noble, he was ignorant that she was a policy holder of the corporation, or in any manner a creditor thereof.

The title of plaintiff to the notes being thus cleansed from the stains of fraud and simulation, which defendant sought to impress upon it, we are aware of no principle of law under which he can be affected by any equities subsisting between his transferror, the association, and the defendant.

The particular equity of compensation, which defendant invokes, even if it were otherwise applicable, which we are far from holding, is defeated by the familiar principles of the law-merchant governing negotiable instruments, and equally by the rule laid down in the Code itself, which declares that " compensation cannot take place to the prejudice of rights acquired by a third person." Art. 2215.

Defendant's claim against the association only ripened into an actionable right on the civil death of the corporation, which resulted from the decree declaring its insolvency and dissolution rendered on November 10th, 1879, as we held in the case of Life Association vs. Levy, 33 Ann. 1203. Plaintiff's rights to the notes had been acquired prior to that time and, under the article of the Code quoted, could not be prejudiced by any claim of compensation.

It is, moreover, an elementary principle of the law of negotiable instruments, that while, as between the maker and the original payee or the transferree of the latter after maturity, the maker may set up equities between himself and the original payee, such as want or failure of consideration, payment, compensation, compromise and the

like, he can make none of these defenses against a *bona fide* transferree for value before maturity.

Finding that such is clearly the character of plaintiff's title to the notes, it destroys the essential foundation of defendant's case.

Even if, at the time of receiving the notes, plaintiff had known of the insolvency of the association, which the evidence disproves, that would furnish no ground of relief, except in the form of a revocatory action, of which the proceeding herein presents no feature, and which, besides, would necessarily fall for want of proper parties.

It is, therefore, ordered, adjudged and decreed that the verdict and judgment herein appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that judgment in favor of plaintiff, Flower, administrator, dissolving the injunction herein issued, and dismissing the demand of Mrs. Noble, at her cost in both courts.